IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| **U.S. Equal Employment** | ) | |
| **Opportunity Commission,** | ) | |
| George H. Fallon Federal Building | ) | |
| 31 Hopkins Plaza, Suite 1432 | ) | |
| Baltimore, MD  21201, | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Bay Country Professional Concrete, LLC,** | ) | |
| 3900 Goose Harbor Rd. | ) | |
| Baltimore County, MD 21220 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Floyd Fuller ("Fuller") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Bay Country Professional Concrete, LLC ("Bay Country") unlawfully discriminated against Fuller by subjecting him to racial and sexual harassment and retaliated against him by discharging him for engaging in the protected activities of reporting harassment and opposing discriminatory employment practices.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Maryland.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is the

Agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and

(3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4.      At all relevant times, Defendant Bay Country, a Maryland Limited Liability

Company, has continuously been doing business in the State of Maryland, Baltimore County and

has continually had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42

U.S.C. § 2000e(b),(g), and (h).

6.      At all relevant times, Defendant employed Fuller within the meaning of Sections

701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this lawsuit, Fuller filed a charge with

the Commission alleging violations of Title VII by Defendant.

8.      On August 8, 2019, the Commission issued Defendant a Letter of Determination

finding reasonable cause to believe that it violated Title VII and inviting it to join with the

2

Commission in informal methods of conciliation to endeavor to eliminate the discriminatory

practices and provide appropriate relief.

9.      On August 15, 2019, the Commission issued Defendant a conciliation proposal

inviting it to join with the Commission in informal methods of conciliation to endeavor to

eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide them the

opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement

acceptable to the Commission.

12.     On August 27, 2019, the Commission issued to Defendant a Notice of Failure of

Conciliation.

13.      All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

14.     Since at least May 2015, Defendant has engaged in unlawful employment

practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by subjecting

Fuller to racial and sexual harassment.

      a.      In or around March 2015, Fuller began working for Defendant as a

concrete finisher.

      b.      Fuller is male and African American.

      c.      Fuller's supervisors included Foreman Albino Ramos and Owner Mark

Goloboski.

d.      Beginning in or around May 2015, co-workers Alex Molina and Miguel Ramos began making explicit sexual comments and gestures to Fuller.

e.      Molina and Ramos made inappropriate comments to Fuller, such as telling him "I want your culo" which translated to English means "I want your ass." They also called him "puta" and "mamacita" which translated to English means "bitch" or "whore" and "hot little mama." Further, they made hand gestures toward Fuller which simulated oral sex.

f.      Foreman Albino Ramos witnessed the harassing behavior outlined in paragraph 14(e) but did not take corrective action.

g.      Beginning in or around January 2016, Foreman Albino Ramos and co-workers Jorge Cavillo and Miguel Ramos began saying "Niggra get the lasso" when they saw Fuller at job sites.

h.      A foreman witnessed the harassing behavior outlined in paragraph 14(g) but did not take corrective action.

i.      On or about May 14, 2017, Fuller reported the harassing behaviors outlined in paragraphs 14(e) and 14(g) to Owner Mark Goloboski. Goloboski did not take corrective action.

j.      Following the report to Goloboski, Ramos and Cavillo continued to call Fuller "niggra."

k.      On or about December 13, 2017, Ramos repeatedly said "I want your culo" to Fuller and called him "mamacita."

l.      On or about December 13, 2017, Ramos groped Fuller's chest and behind, and Molina intentionally poked Fuller's behind with a shovel handle.

15.     Since at least December 2017, Defendant has engaged in unlawful employment practices in violation of Section 704(a)(l) of Title VII, 42 U.S.C. § 2000e-3(a)(l).  These practices include terminating Fuller in retaliation for complaining of sexual harassment and opposing discriminatory employment practices:

a.      On or about December 13, 2017, Fuller reported to the police the behavior described in paragraph 14(l) above and filed charges for criminal assault.

b.      On or about December 13, 2017, Defendant terminated Fuller's employment because he called the police.

c.      The termination was in retaliation for Fuller engaging in activities protected under Title VII.

16.     The effect of the practices complained of above in Paragraphs 14 and 15 has been to deprive Fuller of equal employment opportunities.

17.     The unlawful employment practices complained of above were intentional.

18.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Fuller.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation

with them, from engaging in harassment based on sex, and race and from engaging in reprisal or

retaliation against any person who engages in protected activity under Title VII;

B.      Order Defendant to institute and carry out policies, practices, and programs which

prevent harassment based on sex, and race and prohibit reprisal or retaliation against any person

who engages in protected activity under Title VII;

C.      Order Defendant to implement non-discriminatory objectives, written policies and

practices regarding the terms and conditions of employment and sign and conspicuously post,

for a designated period of time, a notice to all employees that sets forth the remedial action

required by the Court and informs all employees that Defendant will not tolerate harassment

based on sex and race and that Defendant will not take any action against employees because

they have exercised their rights under Title VII;

D.      Order Defendant to make Fuller whole by providing appropriate backpay with

prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of their unlawful employment practices, including but not limited to

reinstatement or front pay in lieu of reinstatement;

E.      Order Defendant to make Fuller whole by providing compensation for past and

future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 14 and 15 above;

F.      Order Defendant to make Fuller whole by providing compensation for past and

future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish,

loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven

at trial;

6

G.      Order Defendant to pay Fuller punitive damages for its callous indifference to his federally protected right to be free from harassment based on sex and race and from retaliation for engaging in activities protected by Title VII;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully submitted,


SHARON FAST GUSTAFSON
General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

      /S
_____
DEBRA M. LAWRENCE
Regional Attorney



      /S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

      /S
_____
ERIC S. THOMPSON
Trial Attorney

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270